# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

LAWRENCE R. MULLIGAN,
    *Appellant-Debtor,*

v.

BRUCE K. JALBERT and PAMELA D. JALBERT,
    *Appellees-Creditors.*

No. 3:17-cv-01873 (JAM)

## ORDER AFFIRMING DECISION OF BANKRUPTCY COURT

Appellant-debtor Lawrence Mulligan has appealed from a ruling of the United States Bankruptcy Court, *see In re Mulligan*, 577 B.R. 6 (Bankr. D. Conn. 2017) (Nevins, J.), in which the Bankruptcy Court granted summary judgment concluding that Mulligan's debt to appellees-creditors Bruce and Pamela Jalbert was not a dischargeable debt in bankruptcy pursuant to 11 U.S.C. § 523(a)(4) (providing in part that a debt is not dischargeable "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny"). Judge Nevins relied on a prior state court ruling that Mulligan in his capacity as an attorney for the Jalberts had engaged in conversion and intentional statutory theft of funds they entrusted to him. *See Jalbert v. Mulligan*, 2013 WL 338862, at *3-9 (Conn. Super. 2013), *aff'd*, 153 Conn. App. 124, *cert. denied*, 315 Conn. 901 (2014).

Mulligan raises three grounds on appeal. First, he contends that the state court exceeded its authority, because the Bankruptcy Court lifted the automatic stay only to permit the underlying state court proceedings to proceed as to plaintiffs' common law fraud allegations, rather than as to additional claims such as statutory theft. I do not agree with this argument for the reasons explained by Judge Nevins in her ruling as well as those reasons stated in the

1

Jalberts' briefing. Based on my review of the relevant portions of the transcript, I conclude that the Bankruptcy Court's lifting of the stay was not limited to only the claim for fraud, and the parties themselves understood this when they later filed a stipulation in state court stating that the stay was lifted as to a broad range of claims including conversion, statutory theft, CUTPA, fraud, and false pretenses. *See* Appellant Appendix 173.

Second, Mulligan faults the Bankruptcy Court for relying on the "factually deficient" findings of the state court despite the Jalberts' alleged failure to identify underlying supporting evidence for these findings in the state court record. I do not agree with this argument for the reasons stated by the Jalberts in their briefing. Most significantly, the parties agreed that the Bankruptcy Court "could not reconsider findings of fact made by the [state] trial court," leaving it to the Bankruptcy Court's determination whether "those findings of fact constituted a violation of 11 U.S.C. § 523(a)(4)." *In re Mulligan*, 577 B.R. at 14. Indeed, the whole point of collateral estoppel is to pretermit a review of the underlying evidence where there have been factual findings in another proceeding between the same parties by another competent court of jurisdiction. In view of the parties' agreement on the limited scope of review as well as the very purpose of collateral estoppel, the Bankruptcy Court acted well within its authority by relying on the state court's factual findings without probing the underlying evidence in the state court record.

Third, Mulligan argues that the requirements for collateral estoppel were not met. I do not agree for the reasons set forth by the Jalberts in their briefing. It is well established that "a party may assert the doctrine of collateral estoppel successfully when three requirements are met: [1] [t]he issue must have been fully and fairly litigated in the first action, [2] it must have been actually decided, and [3] the decision must have been necessary to the judgment." *Deutsche*

*Bank AG v. Sebastian Holdings, Inc.*, 174 Conn. App. 573, 587 (2017). Each one of these requirements was met as to the predicate facts as found by the state court to support the conversion and statutory theft claims, *see Jalbert*, 2013 WL 338862, at *3-9, and these facts were in turn relied on by Judge Nevins to support her conclusion that Mulligan engaged in a defalcation of funds while acting in his attorney fiduciary capacity for the Jalberts. *See In re Mulligan*, 577 B.R. at 17, 19-20. Having had a full and fair opportunity to litigate the facts before the state trial court and then to challenge the trial court's factual findings by means of his appeals to the Connecticut Appellate Court and the Connecticut Supreme Court, Mulligan was not at liberty to assail the integrity of those findings before the Bankruptcy Court. Judge Nevins correctly concluded that Mulligan's debt was not dischargeable in bankruptcy.

For the foregoing reasons, the order of the Bankruptcy Court is AFFIRMED.

Dated at New Haven this 3rd day of May 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge